IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD CAPRARELLA<br>15 Chas Drive<br>Elizabethtown, PA 17022<br>   *AND*<br>DEBORAH HAWTHORNE-CAPARELLA<br>15 Chas Drive<br>Elizabethtown, PA 17022<br>      Plaintiffs,<br><br>vs.<br><br>CHARLES MARVEL<br>12511 Ponder Drive<br>Ellendale, DE 19941<br>   *AND*<br>CRESTWOOD TRANSPORTATION, LLC<br>3825 U.S. Highway 6 East<br>Waterloo, IN 46793<br>      Defendants, | No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Filed on February 18, 2022 by:

**BELLWOAR KELLY, LLP**
126 W. Miner Street
West Chester, PA 19382
(610)314-7066

Ryan R. Grace
PA Attorney ID: 307192
rgrace@bellwoarkelly.com

## THE PARTIES

1. Plaintiff Richard Caprarella ("Plaintiff Caprarella") is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 15 Chas Dr. Elizabethtown, PA 17022.

2. Deborah Hawthorne-Caprarella ("Plaintiff Hawthorne-Caprarella") is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 15 Chas Dr. Elizabethtown, PA 17022; Plaintiff Hawthorne-Caprarella is the wife of Plaintiff Caprarella.

3. Defendant, Charles Marvel ("Defendant Marvel") is an adult individual and citizen of the State of Delaware, residing therein at 12511 Ponder Dr. Ellendale, DE 19941.

4. Defendant, Crestwood Transportation, LLC ("Defendant Crestwood LLC") was, at all relevant times hereto, a corporation organized and existing according to the laws of the State of Indiana, with a registered office address of 3825 U.S. Highway 6 E. Waterloo, IN 46793.

5. At all relevant times hereto, Defendant Crestwood LLC, had extensive, continuous, regular and systematic business contacts in the Eastern District of Pennsylvania.

## JURISDICTION

6. Jurisdiction over this controversy is properly vested in the United States District Court pursuant to 29 U.S.C. §1332, as the parties are citizens of different states and the amount in controversy exceeds the sum of $150,000.00 exclusive of interest and cost.

## VENUE

7. This matter is properly addressed in the venue of the United States District Court for the Eastern District of Pennsylvania, because a substantial part of the events, acts and omissions by Defendants giving rise to Plaintiff's claim occurred in the jurisdiction of this Court, more specifically, in Brecknock Township, Lancaster County, Pennsylvania.

## FACTS AT ISSUE

8. At all relevant times, and on February 18, 2020, Plaintiff Caprarella was the operator of a 2014 Nissan Maxima sedan, driving eastbound on the Pennsylvania Turnpike, Interstate 76, in Brecknock Township, Lancaster County, Pennsylvania.

9. At all relevant times, Defendant Marvel and/or Defendant Crestwood LLC, owned, operated, controlled and maintained a 2015 Kenworth tractor-trailer truck with Indiana license plate number 6529332538.

10. The relevant portion of Interstate 76 features two lanes of traffic in the eastbound direction, separated from the westbound lanes of traffic by a concrete divider.

11. At all relevant times, Defendant Marvel was operating the subject tractor-trailer in the right lane of eastbound traffic and Plaintiff Caprarella was operating a sedan in the left lane of eastbound traffic and next to the subject tractor-trailer.

12. At all relevant times, Defendant Marvel was an employee, agent, servant and/or workman of Defendant Crestwood LLC, an entity in the business of hauling freight.

13. At all relevant times, Defendant Marvel is believed and averred to be an agent, servant, workman and/or employee of Defendant Crestwood LLC, and at all relevant times, Defendant Marvel was acting within the course and scope of said agency and/or employment on behalf of Defendant Crestwood LLC.

14. At all relevant times, and on February 18, 2020, Defendant Marvel was authorized to operate the tractor-trailer by Defendant Crestwood LLC.

15. At all relevant times, and incidental to the performance of his duties for Defendant Crestwood LLC, Defendant Marvel was entrusted with access to and the permissive use of the tractor-trailer, in order to further the business interests of Defendant Crestwood LLC, and with its knowledge, consent and authority rendering Defendant Crestwood LLC

vicariously liable for Defendant Marvel's actions under the doctrine of *Respondeat Superior.*

16. At all relevant times, and on February 18, 2020, Defendant Marvel was in the course and scope of his employment and/or agency for Defendant Crestwood LLC when he was operating the subject tractor-trailer eastbound on Interstate 76 in Brecknock Township, and in the area of Plaintiff Caprarella's vehicle.

17. At all relevant times, and on February 18, 2020, Defendant Marvel and Defendant Crestwood LLC, knew or should have known that the Truck they made available to Defendant Marvel, and which he used in furtherance of Defendant Crestwood LLC's business interests was in a substandard and dangerous mechanical condition.

18. At all relevant times, and on February 18, 2020, Defendant Marvel, while driving the tractor-trailer, caused the tractor-trailer to impact Plaintiff Caprarella's motor vehicle by side swiping Plaintiff Caprarella's vehicle while Plaintiff Caprarella's vehicle was fully and completely occupying its designated lane of travel.

19. Defendant Marvel then caused the tractor-trailer to push Plaintiff Caprarella's vehicle into the concrete divider on the left of Plaintiff Caprarella.

20. All of the actions of Defendants Marvel and Defendant Crestwood LLC caused serious and permanent personal injury and damages, as further described hereinbelow, to Plaintiff Caprarella.

21. The injuries to Plaintiff Caprarella, as more fully set forth hereinbelow, were caused as a result of the joint and/or several negligence, carelessness and recklessness of Defendants Marvel and Defendant Crestwood LLC, and in no way or manner by any act or failure to act on the part of the Plaintiff.

## COUNT I
## NEGLIGENCE
### Plaintiff Richard Caprarella v. Defendant Charles Marvel

22. Plaintiff hereby incorporates by reference the paragraphs set forth above as if fully set forth herein at length.

23. The aforementioned crash and all of the injuries and damages set forth herein above sustained by Plaintiff Caprarella are the direct and proximate result of the negligence and carelessness of Defendant Marvel, which consisted of one or more of the following:

    a. failure to have his vehicle under such control as to be able to stop within the assured clear distance ahead;

    b. failure to keep alert and maintain a proper watch for the presence of other motor vehicles on the highway;

    c. failure to stay in his lane of travel;

d. failure to travel at a safe speed;

e. failure to yield to the right-of-way to vehicles;

f. failure to keep a proper watch for traffic on the highway;

g. failure to drive his vehicle with due regard for the highway and traffic conditions which were existing and of which they were or should have been aware;

h. in being negligent per se by driving his vehicle at a speed greater than reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing and at a speed greater than that which would have permitted him to bring his vehicle to a stop within the assured clear distance ahead, in violation of 75 Pa. C.S.A. § 3361;

i. in being negligent per se by driving his vehicle at a speed in excess of the maximum speed limit in violation of 75 Pa. C.S.A. § 3362(a)(1.1);

j. in being negligent per se by driving his vehicle in a way that he fails to remain in the proper lane of travel, in violation of 75 Pa. C.S.A. § 3309;

k. in being negligent per se by violating Federal Motor Carrier Safety Administration regulations;

l. in failing to look and observe the lawful position of vehicles upon the highway and in failing to activate his lights or properly sound his horn or otherwise warn vehicles of his rapid approach;

  m. failing to inspect the tractor-trailer for mechanical safety prior to operation on the public roadway;

  n. failing to have a proper braking system on the tractor-trailer;

24. Upon impact, Plaintiff Caprarella's car smashed into the concrete divider to his left, and entered a cataclysmic spiral resulting in enormous damage to the vehicle and Plaintiff Caprarella's person, which include but is not limited to the following areas: head, jaw, tongue, neck, spine, shoulders, arms, wrists, hands, hips, legs, ankles, and feet.

25. Plaintiff Caprarella sustained a serious impairment of bodily function that may be permanent, a claim for which is herein made.

26. By reason of the aforesaid injuries sustained by Plaintiff Caprarella, he has incurred medical expenses and has been advised, and therefore, avers that he may be forced to incur similar expenses in the future, and claim is made therefor.

27. As a result of the aforementioned injuries, Plaintiff Caprarella has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities, loss of life's pleasures and enjoyment, and claim is made therefor.

28. As a result of the aforesaid injuries, Plaintiff Caprarella has been and in the future will be subject to great humiliation and embarrassment, and claim is made therefor.

29. As a result of the aforementioned injuries, Plaintiff Caprarella has sustained work loss, loss of opportunity and a permanent diminution of his earning power ad capacity, and claim is made therefor.

30. As a result of the aforesaid injuries, Plaintiff Caprarella has sustained uncompensated work loss, and claim is made therefor.

31. Plaintiff Caprarella continues to be plagued by persistent pain and limitation and, therefore, avers that his injuries may be of a permanent nature, causing residual problems for the remainder of his lifetime, and claim is made therefor.

**WHEREFORE**, Plaintiff Caprarella respectfully requests your Honorable Court to enter judgment in favor of Plaintiff Caprarella and against Defendant Marvel, for compensatory damages in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, and in excess of the arbitration limits of this Court, together with interest, costs and compensation for delay.

### COUNT II
### NEGLIGENCE - RESPONDEAT SUPERIOR
**Plaintiff Richard Caprarella v. Defendant, Crestwood Transportation, LLC**

32. Plaintiff hereby incorporates by reference the paragraphs set forth above as if fully set forth herein at length.

33. At all times relevant hereto, Defendant Crestwood LLC, owned, operated, controlled and maintained the subject tractor-trailer for use in furtherance of its business interests.

34. On February 18, 2020, Defendant Marvel was an employee, servant and/or agent of Defendant Crestwood LLC and was acting within the course and scope of his employment when he was the operator of the tractor-trailer and when he caused said tractor-trailer to crash into the motor vehicle Plaintiff Caprarella was operating.

35. The aforementioned crash and all of the injuries and damages sustained by Plaintiff Caprarella set forth herein are the direct and proximate result of the negligence and carelessness of the Defendant Crestwood LLC, and its employees, servants, agents and staff which consisted of one or more of the following:

    a. entrusting and making its motor vehicle available to Defendant Marvel, for use when Defendant Crestwood LLC knew, or in the exercise of reasonable care, should have known that Defendant Marvel was not capable of operating their motor vehicle properly;

    b. entrusting and making its motor vehicle available to Defendant Marvel for use when Defendant Crestwood LLC knew, or in the exercise of reasonable care, should have known that Defendant Marvel was going to drive the vehicle in an improper, dangerous and reckless manner;

    c. failing to inquire into the driving abilities and/or skills of driver, Defendant Marvel;

    d. permitting an unskilled, incompetent or incapable driver, Defendant Marvel, to operate Defendant Crestwood LLC's tractor-trailer;

 e. entrusting and making its motor vehicle available to Defendant Marvel, when Defendant Crestwood LLC knew, or in the exercise of reasonable care, should have known that the tractor-trailer was in a substandard mechanical condition and/or was negligently and/or intentionally serviced, maintained or altered in a matter rendering the tractor-trailer incapable of being operated safely;

 f. failing to inspect the tractor-trailer for mechanical safety prior to providing it and making it available to Defendant Marvel in pursuit of the business interest of Defendant Crestwood LLC failing to have the tractor-trailer inspected for mechanical safety prior to permitting it to be used in pursuit of the business interests of Defendant Crestwood LLC

 g. failing to have a proper braking system on its tractor-trailer;

 h. by otherwise negligently, towing, transporting, maintaining, repairing or altering the tractor-trailer, thereby making it unsafe for use on the public roadway.

36. The actions of Defendant Crestwood LLC in causing the subject tractor-trailer to impact Plaintiff Caprarella's motor vehicle, caused serious and permanent personal injury and damages, as further described above, to Plaintiff Caprarella.

37. It is believed and therefore averred that at all times relevant hereto, Defendant Crestwood LLC allowed, permitted and/or instructed Defendant Marvel to operate the tractor-trailer with their knowledge and consent in furtherance of

their business interests, and/or, in the alternative, to drive as their agent, servant and/or employee, in furtherance of their business interests at the time of the subject accident as set forth above, rendering them vicariously liable for Defendant Marvel's actions under the doctrine of *Respondeat Superior*.

**WHEREFORE**, Plaintiff respectfully requests your Honorable Court to enter judgment in favor of Plaintiff Caprarella and against Defendants Charles Marvel and Crestwood Transportation, LLC, jointly and/or severally, for compensatory damages in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, and in excess of the arbitration limits of this Court, together with interest, costs and compensation for delay.

### COUNT III
### NEGLIGENCE
**Plaintiff Deborah Hawthorne-Caprarella v. Defendant Charles Marvel**

1. Plaintiff Hawthorne-Caprarella hereby incorporates by reference the paragraphs set forth above as if fully set forth herein at length.

2. At times relevant to Plaintiff Caprarella suffering the damages described above, Plaintiff Hawthorne-Caprarella was fiancée and wife to Plaintiff Caprarella.

3. The aforementioned damages set forth above sustained by Plaintiff Caprarella have had an immense impact on the life of Plaintiff Hawthorne-Caprarella.

4. As a result of the aforementioned injuries, Plaintiff Hawthorne-Caprarella is and will be obligated to care for Plaintiff Caprarella as well as assist in or

perform basic daily tasks for Plaintiff Caprarella; the time spent caring for Plaintiff Caprarella has and will continue to result in sustained work loss, loss of opportunity and a permanent diminution of earning power for Plaintiff Hawthorne-Caprarella, and claim is made therefor.

5. As a result of the aforesaid injuries, Plaintiff Hawthorne-Caprarella has been and in the future will be subject to loss of physical intimacy from Plaintiff Caprarella, and claim is made therefor.

6. As a result of the aforesaid injuries, Plaintiff Hawthorne-Caprarella has been and in the future will be subject to loss of emotional support from Plaintiff Caprarella, and claim is made therefor.

7. As a result of the aforesaid injuries, Plaintiff Hawthorne-Caprarella has been and in the future will be subject to loss of recreational activities with Plaintiff Caprarella, and claim is made therefor.

8. As a result of the aforementioned injuries, Plaintiff Hawthorne-Caprarella has undergone and in the future will undergo great mental suffering from the vicarious trauma of witnessing the suffering of Plaintiff Caprarella, great inconvenience in assisting or completing the daily activities of Plaintiff Caprarella, loss of life's pleasures and enjoyment that would be appreciated if not for obligations to care for Plaintiff Caprarella, and claim is made therefor.

9. Plaintiff Caprarella continues to be plagued by persistent pain and limitation and, therefore, avers that his injuries may be of a permanent nature, causing

residual problems for the remainder the time that Plaintiff Hawthorne-Caprarella has with him, and claim is made therefor.

**WHEREFORE**, Plaintiff Hawthorne-Caprarella respectfully requests your Honorable Court enter judgment in favor of Plaintiff Hawthorne-Caprarella and against Defendant Marvel, for compensatory damages in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, and in excess of the arbitration limits of this Court, together with interest, costs and compensation for delay.

## COUNT IV
## NEGLIGENCE - RESPONDEAT SUPERIOR
### Plaintiff Deborah Hawthorne-Caprarella v. Defendant, Crestwood Transportation, LLC

10. Plaintiff hereby incorporates by reference the paragraphs set forth above as if fully set forth herein at length.

11. The actions of Defendant Marvel and Defendant Crestwood LLC, in causing the subject tractor-trailer to impact Plaintiff Caprarella's motor vehicle, caused serious and permanent personal injury and damages, as further described above, to Plaintiff Hawthorne-Caprarella.

12. It is believed and therefore averred that at all times relevant hereto, Defendant Crestwood LLC allowed, permitted and/or instructed Defendant Marvel to operate the tractor-trailer with their knowledge and consent in furtherance of their business interests, and/or, in the alternative, to drive as their agent, servant and/or employee, in furtherance of their business interests at the time

of the subject accident as set forth above, rendering them vicariously liable for Defendant Marvel's actions under the doctrine of *Respondeat Superior.*

13. Plaintiff Hawthorne-Caprarella has and will continue to suffer harm, as described above, resulting from the negligence of Defendant Crestwood LLC and its agent Defendant Marvel.

**WHEREFORE**, Plaintiff Hawthorne-Caprarella respectfully requests your Honorable Court enter judgment in favor of Plaintiff Hawthorne-Caprarella and against Defendant Marvel and Defendant Crestwood LLC, jointly and/or severally, for compensatory damages in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, and in excess of the arbitration limits of this Court, together with interest, costs and compensation for delay.

Respectfully submitted,

**BELLWOAR KELLY, LLP**

BY: _____
Ryan R. Grace
126 W. Miner St.
West Chester, PA 19382
(610) 314-7066

Date: